## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY HARRIS, derivatively on behalf of Citigroup Inc., <br> v. <br> CHARLES O. PRINCE, ET AL., <br> Defendants. | 1:07-cv-09841-SHS |
| GARY CINOTTO, derivatively on behalf of Citigroup Inc., <br> v. <br> CHARLES O. PRINCE, ET AL., <br> Defendants. | 1:07-cv-09900-SHS |
| BENJAMIN NATHANSON, derivatively on behalf of Citigroup Inc., <br> v. <br> CHARLES O. PRINCE, ET AL., <br> Defendants. | 1:07-cv-10333-SHS |
| SAM COHEN, derivatively on behalf of Citigroup Inc., <br> v. <br> CITIGROUP INC., ET AL., <br> Defendants. | 1:07-cv-10344-SHS |
| WALTER E. RYAN, JR., derivatively on behalf of Citigroup Inc., <br> v. <br> CHARLES O. PRINCE, ET AL., <br> Defendants. | 1:07-cv-11581-UA |

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
## TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE
## ACTIONS AND APPOINT A LEADERSHIP STRUCTURE

I, Christopher Marlborough, under penalties of perjury, hereby declare:

1.      I am an associate with the law firm of Faruqi & Faruqi, LLP.  I submit this declaration in support of the Motion of Plaintiff Walter E. Ryan to consolidate related shareholder derivative actions and appoint a leadership structure.

2.      Attached hereto as Exhibit A is the firm resume of Krislov & Associates, Ltd.

3.      Attached hereto as Exhibit B is the firm resume of Faruqi & Faruqi, LLP.

DATED:      January 17, 2008
            New York, New York

                                          s/Christopher Marlborough
                                    Christopher Marlborough (CM-6107)

# EXHIBIT A

# KRISLOV & ASSOCIATES, LTD.

Civic Opera Building, Suite 1350
20 North Wacker Drive
Chicago, Illinois   60606
Telephone:312-606-0500
Facsimile:312-606-0207
email: clint@krislovlaw.com
website: www.krislovlaw.com

For over 20 years, Krislov & Associates, Ltd. has specialized in litigating complex class and derivative litigation involving nationwide consumer, securities, Qui Tam/whistleblower, governmental wrongdoing and corruption, and pension matters.

Krislov & Associates has been lead counsel for plaintiffs or objectors in numerous major federal and state cases throughout the country, and has earned nationwide stature as independent, honest and aggressive attorneys pursuing the interests of investors, taxpayers, working families and the public.

1.    **Securities/Shareholder Rights**.  Krislov & Associates has been involved in complex corporate shareholder and takeover litigations, especially in cases involving truly complex valuation issues.  These cases include:

(a)    In re Nationsbank/BankAmerica Securities Litigation, MDL 1264 (E.D.Mo., Nangle, DJ) (Executive Committee member in $100 Billion bank "merger of equals" shaken by post-merger disclosures of hedge fund losses) (participated in achievement of $490 million settlement), 263 F.3d 795 (8th Cir. 2001);

(b)    In Re Prudential-Bache Energy Income Partnerships Securities Litigation, MDL No. 888 (E.D. La.), (lead Objectors' counsel, forced the disclosure of Prudential's internal "Locke Purnell" audit showing truly corrupt actions in selecting partnerships to "pump" through the Pru sales force,  blocked an early-stage low cash rollup settlement, forced an auction and found the high-bid purchaser who ultimately paid $508 million for the auctioned partnerships, and ultimately also helped produce an improved settlement of $120 million additional cash from

Prudential Securities);

(c)    Massad v. Prudential Insurance Co. (global Civil RICO case against Prudential Securities initiated from knowledge gathered in Prudential partnership litigation case; became the global civil RICO case referred to as In Re Prudential Securities, Inc. Limited Partnerships Litigation, MDL No. 1005 (S.D.N.Y.), which produced more than $110 million cash for all of Prudential's  limited partnership unit-holders nationwide, see also 163 F.R.D. 200 (S.D.N.Y. 1995) (preliminary approval) and 912 F. Supp 97 (S.D.N.Y Jan. 24, 1996) (award of fees following final approval));

(d)    In re DVI, Inc. Securities Litigation, 2:03-cv-5336 (E.D. Pa.) (sole lead counsel for Common Stock and 9-7/8% Senior Note purchasers) (successfully defended against numerous motions to dismiss, 2005 WL 1307959 (E.D. Pa., May 31, 2005),as well as motions for reconsideration and summary judgment, and entered into settlement agreements with three of nineteen named defendants, case is currently proceeding with discovery);

(e)    In re Safety-Kleen Rollins Shareholder Litigation, (D. So. Carolina, Judge Joseph F. Anderson, Jr.) (co-lead counsel) (survived motions to dismiss and summary judgment, obtained class certification and, in 2005, entered into settlements totaling $3.15 million in action asserting § 14(a) proxy claims on behalf of former Rollins shareholders; settlement represented a substantial recovery of class member estimated losses);

(f)    In re First Chicago Shareholder Securities Litigation, (N.D. Ill.) (Executive Committee member in action asserting § 11, 12(a) and 14(a) claims brought on behalf of First Chicago Shareholders in connection with Bank One Merger; action settled in 2005 for $120 million);

(g)    Mercury Finance Company Securities Litigation, (cooked book finances of subprime auto lender, Krislov firm helped organize diverse groups of competing claims and counsel in federal and state court, bankruptcy court and outside arbitration, ultimately designated lead counsel for state court claimants in both state and federal courts, bankruptcy and arbitration matters, instrumental in achieving multi-court settlements and arbitration of claims resulting in multi-million dollar recovery to the Class);

2

(h)     <u>Malone v. Brincat</u>, 722 A.2d 5 (Del. Sup. 1998), establishing actionable director duties of full disclosure to shareholders;

(i)     <u>Gavin v. AT&T Corp</u>., 464 F.3d 634 (7th Cir. 2006), Corporation charged shareholders for delivery of stock certificates in connection with a merger when shareholders could have obtained certificates for free. (Seventh Circuit reversed dismissal of case pursuant to Securities Litigation Uniform Standards Act, and remanded to Northern District of Illinois to proceed on the merits of Plaintiffs state law claims).

   2.     **<u>Government Mismanagement, Fraud and Corruption</u>**.  The Krislov firm is perhaps best known in Illinois for its "private attorney general" practice, in derivative actions brought against state and local governments to correct the massively under-funded state and local pension systems.  Cases include, <u>Ryan v. City of Chicago</u>, 148 Ill. App. 3d 638 (1st Dist. 1986) and 274 Ill. App. 3d 483 (1st Dist. 1995), in which we recovered over $32 million cash, $80 million total benefits, and fundamentally improved the handling of City pension tax levies, ending the City's illegal use of pension tax levies for its own benefit.  In <u>People ex rel. Sklodowski v. State</u>, 284 Ill. App. 3d 809 (1st Dist. 1996), *see also*, 162 Ill.2d 117 (1994) and 182 Ill. 2d 220 (1997), we blocked the State's conversion of $51 million from the State Pensions Fund to State general budget use, and initially established the courts' power to compel State Officials to comply with statutory minimum contribution obligations for Illinois' five funded retirement systems to correct a shortfall now totaling $3.4 billion.  In litigation spanning over 16 years, we have fought for annuitants' contractual rights  to promised lifetime healthcare coverage.  In <u>City of Chicago v. Korshak</u>, 206 Ill. App. 3d 968 (1st Dist. 1990) and <u>Retired Chicago Police Ass'n v. City of Chicago</u>, 7 F.3d 584 (7th Cir. 1992), parallel state and federal cases, the Krislov firm forced the City of Chicago to continue a fixed-rate subsidized plan of retiree health care insurance for 21,000

3

annuitants and their families, and, despite setbacks during various periods, successfully had these claims restored by the Illinois appellate court. <u>City v. Korshak</u>, Ill. App. unpublished order , (1st Dist. 2000), obtained injunctive relief, and ultimately obtained a settlement which ensures annuitant healthcare coverage through 2013 and beyond for Chicago Police, Firemen, Municipal Employees and Laborers.

The Krislov firm has also recovered funds for the government, due to governmental fraud, abuse and mismanagement. *See*, <u>County of Cook ex rel. Rifkin v. Bear Stearns</u>, 215 Ill.2d 466 (2005); <u>Scachitti v. UBS Financial Services</u>, 215 Ill.2d 484 (2005) and <u>City of Chicago ex rel. Scachitti v. Prudential Securities</u>, 332 Ill. App.3d 353 (Ill App. 2002) PLA den. (establishing constitutionality of whistleblower actions against underwriters "yield burning", i.e. overcharging municipalities on refinancing government debt litigation, established ability of whistleblowers to employ "nullum tempus" doctrine eliminating ordinary limitations periods on claims for government entities); *see also*, <u>Ryan v. Cosentino</u>, 776 F. Supp. 386 (N.D. Ill. 1991), 793 F. Supp. 822 (N.D. Ill. 1992), and 1995 WL 516603 (N.D. Ill. August 24, 1995) ($14 million judgment obtained for corrupt loans to public officials in exchange for deposits of State monies without interest); and <u>McKay v. Kusper</u>, 252 Ill. App. 3d  450 (1993).

**3.**    <u>**Private Pension, ERISA matters.**</u>  We also have particular expertise in litigating issues of protecting pension benefits over corporate manipulation and in ERISA-related matters.

In <u>Montgomery v. Aetna Plywood</u>, 231 F.3d 399 (7th Cir. 2000), we doubled the Profit Sharing accounts of the 100  participants whose ESOP [Employee Stock Ownership] had been redeemed out of the 95% ownership of their employer for less than half of fair value, won a

judgment after a 3-week bench trial, and successfully completed a recovery of $7 million cash plus restored 20% ownership of company.

We were also brought in to settle remaining ESOP fiduciary claims arising from the SEARS buyout in which management was accused of selling a large percent to a newly-created ESOP to thwart the outside takeover threat.

Clair v. Harris Trust & Savings Bank, 190 F.3d 495 (7th Cir. 1999), established payout requirements from qualified plans.

In Brannan v. Health Care Service Corp., 00 C 6884 (N.D. Ill. Mag. Judge Geraldine Soat Brown), the Firm served as co-lead counsel in case which, in 2004, obtained a $6.95 million settlement, plus prospective relief valued at millions more, for class of insureds who were damaged by Blue Cross's alleged practice of seeking reimbursement liens for amounts greater than what they actually paid health care providers and for failing to reduce their liens pursuant to Illinois' common fund doctrine.

4.    **Civil RICO**.  The Krislov firm has also established significant precedent in the consumer protection field, especially in Civil RICO matters.  In Commercial Cleaning Services LLC v. Colin Service, 271 F.3d 374 (2nd Cir. 2001) we established that competitor companies may use Civil RICO against competitors whose hiring of undocumented aliens enabled them to underbid the competition.

5.    **Consumer Protection and Antitrust Matters**.  We are or have been lead counsel for nationwide consumer litigation and have established significant law in the consumer protection field, including:

(a)    South Austin Coalition Community Council v. SBC Comm. Inc., 274 F.3d 1168 (7th Cir. 2001) (antitrust challenge to SBC-Ameritech merger);

(b)     Beckwith Place L.P. v. General Electric Co., Cook Co. Circuit Court, No. 99 CH 18240 (certified nationwide class against General Electric arising from dishwashers containing a defective switch causing fires; case settled);

(c)     Zapka v. Coca-Cola Co., 2001 U.S.Dist. LEXIS 20155 (N.D.Ill. 2001) (deceptive marketing of diet Coke, without disclosing that fountain version contains saccharin; settled action);

(d)     Zazove v. Pelikan, Inc., 326 Ill. App. 3d 798, 761 N.E.2d 256 (1st Dist. 2001) (establishing Illinois jurisdiction over foreign producer of consumer products for consumer claims under stream of commerce concept);

(e)     Brody v. Finch Univ./Chicago Medical School, 298 Ill.App.146, 698 NE2d 257 (2d Dist. 1998) (right of students to enter into medical school under graduate program);

(f)     In re Starlink Corn products, MDL 1403 ($9 million settlement for consumers) (lead counsel for consumer claims arising from the dispersion of the genetically engineered Starlink™ corn strain into human food products); and

(g)     DeGradi v. KB Holdings, Inc., 02 CH 15838, Cir. Ct. of Cook County, Illinois, Chancery Division (obtained $3 million settlement from toy store company who allegedly improperly manipulated product prices to the public); and

(h)     Cruz v. Blue Cross/Blue Shield of Illinois, 00 CH 14182 (Cir. Ct. Cook County, Ill.); Blue Cross/Blue Shield of Illinois v. Cruz, 2003 WL 22715815 (N.D. Ill. Nov. 17, 2003); and 396 F.3d 793 (7th Cir. 2005)(parallel state and federal litigation over Blue Cross's claimed reimbursement right against third-party recoveries and; obtained summary judgment for Plaintiff and a certified class in the state litigation; prevailed at district court level in the federal action, and successfully vacated the Seventh Circuit's dismissal before the United States Supreme Court, 126 S. Ct. 2964 (June 26, 2006); See Also, Empire Healthchoice Assur. v. McVeigh, 126 S. Ct. 2121 (2006), in which Krislov firm acted as amicus in support of McVeigh, the prevailing party, and cited Id. at 2135, in the United States Supreme Court's decision regarding the scope of federal jurisdiction and preemption under the Federal Employee Health Benefits Act and federal common law.

We have also paved the way for Illinois consumer actions against banks and utilities, as lead or co-lead counsel in the following cases:

(a)     Allenson v. Hoyne, 272 Ill. App. 3d 938 (1st Dist. 1995) (civil RICO cause upheld in state court over misamortizing of home mortgage payments);

6

(b)  <u>Cohan v. Citicorp</u>, 266 Ill. App. 3d 626 (1st Dist. 1993)(charges on ADR shares of foreign securities);

(c)  <u>In re Commonwealth Edison 1990 Chicago Power Outages</u>, Cook Co. Cir. Ct., Nos. 90-7547 and 90-7637 (the firm recovered $4 million for some 63,000 low-income customers for damages from extended power outages); and

(d)  <u>In re Illinois Bell</u>, Cook Co. Cir. Ct., Nos. 91-930, 91-1354 and 91-12529 (firm recovered $3.5 million over disputed late charges and surcharges).

**6.    <u>Actions as Independent Objector Counsel</u>.**  We are also independent, and uniquely have not hesitated to intervene and fight to block or improve corporate transactions and litigation settlements, which need to be blocked or improved.  Representative cases include:  <u>In Re Scattered Corp.</u>, N.D. Ill., No. 93 C 4069 (Co-lead Plaintiffs' counsel in a case challenging massive short-selling of LTV common shares); <u>Lyphomed Shareholder Litigation</u>, Cook Co. Cir. Ct., No. 89 CH 7585, (Lead counsel in shareholder litigation over Fujisawa takeover); <u>Starr v. Graham Energy</u>, (Counsel for Objectors in New Jersey and for Plaintiffs in Delaware derivative litigation); <u>Hooker v. JMB/Arvida</u>, N.D. Ill., No. 92-C-7148 (Co-lead objectors' counsel against settlement of investor class' loss of entire $234 million investment for $6 million); <u>In re Domestic Air Transp. Antitrust Litig.</u>, MDL No. 861, 148 F.R.D. 297 (N.D. Ga.) (Krislov firm was one of the Objectors' counsel and was instrumental in identifying problem areas of the widely criticized settlement and eliminating the prohibition on use of the settlement coupons through travel agents); and <u>Michael Milken and Associates Securities Litig.</u>, MDL No. 924 (S.D.N.Y.) (Krislov was a member of the nationwide Allocation Committee of the plaintiffs' counsel). We  forced the disqualification of lead counsel in the MDL proceedings over the conspiracy to fix floor prices for

compact disc music.  <u>In re Compact Disc Minimum Advertised Price Antitrust Lit.</u>, 2001 WL 243494, (D.Me. 3/12/2001)(Hornby, Ch.D.J.) (cased settled for $115 million).

7.    **<u>Mass Tort Litigation</u>**.  As counsel for Longshore Objectors, Krislov uncovered potentially fatal defects in the original asbestos mega-settlements in the federal courts in

Philadelphia and in Tyler, Texas and devised the use of a defendant third-party employer class to prevent individual potential forfeiture of Longshore Act benefits for longshoremen and harbor workers nationwide, without which the settlement could not have been approved.  <u>Ahearn v.</u>

<u>Fiberboard</u>, No. 6:93-cv-526, 1995 U.S. Dist. Lexis 11522, 11532, 11062 (E.D. Tex. July 27, 1995), *affirmed* <u>In re Asbestos Litigation,</u> 90 F. 3d 963 (5th Cir. 1996), reversed on other grounds.

8.    **<u>Partnership Rollup Litigation</u>**.  Krislov & Associates has a nationwide reputation for contesting unfair "rollup" transactions in which limited partnerships are consolidated into new listed corporate entities in which existing management obtains an unfair proportion of the surviving entity.  Krislov has been lead or co-lead counsel in cases in Delaware, <u>Preim v. Franchise Finance Corp. of America</u>, De. Ch. C.A. No. 13192 (reduction of management share in $900 million rollup); in Louisiana, <u>In re Prudential-Bache Energy Income Partnerships Securities Litigation</u>, MDL No. 888 (forced $500 million auction plus improved $120 million settlement); and in California, <u>Blumberg v. Glenborough Realty Corp.</u>, No. 391223 (Cal. Super. Ct. San Mateo Co.) ($100 million real estate rollup).

9.      **Major Tax Litigation**.  Prior to focusing on class actions, Mr. Krislov was a tax litigator involved in the litigation of major tax disputes, civil and criminal, with the federal government.  *See, e.g.*, <u>Caterpillar Tractor Co. v. United States</u>, 589 F.2d 1030 (7th Cir. 1978) (interplay of Domestic International Sales Corporation and Western Hemisphere Trade Company export provisions); <u>Estate of Jenner Commissioner</u>, T.C. Memo 1977-54 (U.S. Tax Ct. 1977), *rev'd on different grounds* 577 F.2d 1100 (7th Cir. 1978) (pre-IPO valuation of largest block of shares of closed-end investment company and permitting deduction of underwriting commission for Estate Tax and Estate Income Tax).

10.      **Constitutional Litigation**.  <u>Matter of Grand Jury Subpoena Duces Tecum</u>, 725 F.2d 1110 (7th Cir. 1984) (establishing invalidity of subpoenas issued by U.S. Attorneys without Grand Jury authorization).  <u>Shaper v. Tracy</u>, 97 Ohio App. 3d 760 (1994), *cert. denied*, 116 S. Ct. 274 (1995) and 76 Ohio St. 3d 241, 667 N.E. 2d 368 (1996).  Dormant Commerce Clause challenge to discriminatory state income taxation of only foreign-state municipal income.

11.      **Environmental Class Actions**.  <u>Enzenbacher v. Browning Ferris Ind. Of Ill.</u>, 332 Ill. App. 3d 1079 (2nd Dist. 2002) settled case involving trespass and nuisance issues related to landfill on behalf of neighbors of the landfill.

12.      **Veterans Employment Rights**.  <u>Veterans Legal Defense Fund v. Schwartz</u>, 330 F.3d 937 (7th Cir. 2003).  Veterans' right to statutory preferential hiring for state job openings.

13.      **Voting Rights; Election Law**.   In the widely cited <u>Krislov v. Rednour</u>, 97 F. Supp. 2d 862 (N.D. Ill. 2000), affirmed 226 F.3d 851 (7th Cir. 2001), cert. den. sub

nom <u>McGuffage v Krislov</u>, 531 US 1147 (2001), Mr. Krislov successfully attacked Illinois' ballot petition procedures that had previously prevented non-organization candidates from getting on the ballot. <u>Orr v. Edgar</u>, 179 Ill. 2d 589 (1998), State constitution challenge to statute eliminating straight ticket ballot.

In another voting rights victory, the Krislov firm obtained class certification of a bi-lateral class of all absentee voters whose ballots were rejected without receiving notice until after the canvas of votes (so their votes were not counted) and against a defendant class of all 111 Illinois election authorities, ensuring that absentee ballot voters have uniform rights statewide. <u>Zessar v. Helander, et al.</u>, 2006 WL 573889 (N.D. Ill. Mar. 7, 2006) (certifying double classes); <u>Zessar v. Helander, et al.</u>, 2006 WL 642646 (N.D. Ill. Mar. 13, 2006) (granting Summary Judgment to Plaintiffs and the class).

14.    **Representation of Defendants**.  Krislov & Associates has also represented defendants in very limited instances. <u>Primax v. Sevilla</u>, 324 F. 3d 844 (7th Cir. 2003) (successfully defended against plaintiff's action brought against named plaintiff, which was essentially an action brought in federal court to collaterally attack the progress of a state court class action); *see also*, <u>LaSalle v. Medco</u>, 54 F.2d 443 (7th Cir. 1995); <u>Lorence/Gallagher v. Cannonball, Inc.</u>, Cook Co. Cir. Ct., Nos. 89 CH 11016 and 89 CH 11347 and <u>Cruz v. Blue Cross/Blue Shield of Illinois</u>, 396 F.3d 793 (7th Cir. 2005), vacated by, 126 S. Ct. 2964 (2006).

15.    **Favorable Mention by Courts**.  The standing of the Krislov firm in successfully conducting complex and class action litigation has been favorably noted by the courts.  For

example, in <u>Ryan v. City of Chicago</u>, Cook Co. Cir. Ct., No. 83-CH-390, former Chief Chancery Judge Curry characterized our battle for the integrity of pension fund moneys

against the forces of the City and its pension funds, who had engaged in the "Mugging of the Good Samaritan" stating:

> The petitioner's [Krislov] efforts for and on behalf of the
>
> Firemen's Fund have now spanned nine years.  His energy,
>
> persistence and legal scholarship have (1) righted a serious
>
> wrong, (2) secured restitution for past misconduct, (3)
>
> created a climate which will assure fidelity in transmitting
>
> future pension fund tax receipts, (4) delivered a handsome
>
> recovery, (5) enhanced that recovery by ferreting out
>
> auditing mistakes, (6) secured an award of compound
>
> interest, and (7) engaged in collateral litigation so as to
>
> protect the benefits gained for the Firemen's fund.

Slip Op., December 14, 1992, at 7.

In approving the Firm's settlement with Blue Cross, Magistrate Judge Geraldine

Soat Brown stated:

> I will note for the record that this Court presided over
> literally a score of settlement conferences in this case, at
> least nine of which were in person, and I think I counted – I
> stopped counting at eleven telephone settlement
> conferences in this case.  Both sides were represented by
> able and experienced counsel who have represented parties
> in class actions of this nature and have made an informed
> evaluation of the benefits of settlement in light of the risks
> of litigation and possible recovery.
>
> ***
>
> I think counsel has certainly earned the fees that are going
> to be awarded them in this case by the able way they have
> taken this case

11

on, the fact that in these very difficult and complex issues they were able
to assemble law, argument, discovery to support and bring the defendant
to the
table, and obtain a settlement of this case that benefits the class in this
way.  Those attorneys' fees are reasonable and well deserved.

September 30, 2004 Transcript of Final Hearing on Settlement before Magistrate Judge

Geraldine Soat Brown.


# **<u>Major Pending Cases of Note</u>:**

<u>Courtney v. Halloran</u> (7th Cir. 2006).  As attorney for under-insured depositors in failed

Superior Bank, we are challenging the FDIC's agreement with the Pritzker family, under

which Bank shareholders receive preferential payments from third party recoveries while

depositors remain unpaid.

<u>Metro v. Amway Asia Pacific</u> (Mich. App. 2006).  Challenge by public shareholders

forced out of Pacific Rim trading company by Amway controlling families' unfairly

priced buyout of shares on eve of China's admission to World Trade Organization.

<u>Cruz v. Blue Cross/Blue Shield of Illinois</u>, (Ill. Cir. Ct. 2006) Proceeding in state court

after United States Supreme Court decision vacated ruling by Seventh Circuit in Blue

Cross's favor, on behalf of federal employees insured under a Blue Cross plan against

whom Blue Cross seeks reimbursement for more than they are entitled.

## <u>KRISLOV & ASSOCIATES, LTD.</u>

\* \* \*

## <u>ATTORNEY BIOGRAPHIES</u>

### <u>CLINTON A. KRISLOV</u>

Clint Krislov, a graduate of Northwestern University (B.A. 1971), Phi Beta Kappa, and Cornell Law School (1974), is the founder and senior attorney of Krislov & Associates, Ltd.  Mr. Krislov is admitted to practice in Illinois and Michigan state courts, the United States Supreme Court, numerous Circuit Courts of Appeals, and the trial bar of the federal court for the Northern District of Illinois. Mr. Krislov is an Adjunct Professor of Law at Chicago-Kent College of Law, teaching courses in Consumer Protection Law (2001-present) and  federal income tax (1976-7), and  the author of several articles, including:   *The Illinois Consumer Fraud Act:  Hey! What Happened to all the Strict Constructionists?, Judicial Add-Ons are Ruining a Perfectly Good Statute*, 11 Loyola Consumer Law Review 224 (1999);  "*Scrutiny of the Bounty: Incentive Awards of Plaintiffs in Class Actions*," 78 Illinois Bar Journal 286, June 1990; "Tax Considerations in Buying, Selling and Dissolving the Professional Practice," in Professional Practices, IICLE, 1986; "Civil and Criminal Tax Litigation," in 1981 Federal Tax Skills Course, IICLE, 1981; "Evaluating Publicly Syndicated Investments," in Basic Tax Shelters, IICLE, 1984.

Mr. Krislov has also served three terms as Chair, following two terms as vice-Chair, of the Chicago Bar Association Class Litigation Committee, and initiated programs of bench-bar communications which continue.  Mr. Krislov also serves as a member of the Board of Editors of

Class Action Reports (1992-present), the Board of Trustees of the Chicago Chapter of the

Federal Bar Association (1995-96) , and the Chicago Region ABA-IRS Nonfiler

Initiative (joint Program

to reach out nationwide to persons who had not filed income tax returns offering

amnesty-type opportunity to get on the system without fear of prosecution).

As a former candidate for the United States Senate and Illinois Attorney General,

Mr. Krislov has also led the fight to open the electoral system fairly for all participants.

He is the 2001 recipient of Independent Voters of Illinois-Independent Precinct

Organization's "Legal Eagle" award for his work in election reform and defense against

corporate overreaching.


**KENNETH T. GOLDSTEIN**

Ken Goldstein is a graduate of  the University of Wisconsin, Madison (B.A. 1990)

and The John Marshall Law School (J.D. 1996).  He was a member of The John Marshall

Moot Court Council, Spring 1995.  He was admitted to practice in Illinois state and

federal courts in 1997.  Mr. Goldstein has been active in electoral and legislative politics

in Illinois.  He joined the firm of Krislov & Associates in January 1998.  His practice is

concentrated in consumer class actions and antitrust actions.


**MICHAEL R. KARNUTH**

Mike Karnuth was born in Chicago, Illinois on September 8, 1965; admitted to

Illinois state bar on May 6, 1999, and U.S. District Court, Northern District of Illinois

1999.  Mr. Karnuth is also admitted to the Court of Appeals for the Seventh Circuit and to the bar of the United States Supreme Court.  *Education*:  Loyola University of Chicago (B.A., 1988); Certified Public Accountant (1991); Chicago-Kent College of Law (1999 J.D., with honors).  Recipient: CALI Award, Advanced Research - Securities.  During law school, Mr. Karnuth interned for Judge Blanche Manning of the federal district court for the Northern District of Illinois.  *Member:* Chicago, Illinois State and American Bar Associations, Illinois CPA Society and American Institute of Certified Public Accountants.  *Practice Areas*: class action and complex litigation.

## M. REAS BOWMAN

Reas graduated from DePauw University at Greencastle, Indiana in 2002 with a Bachelor of Arts in Economics.  At DePauw, he was a Management Fellows Honor Scholar and received the Communication Department scholarship grant all four years he attended.  Reas then went on to Chicago-Kent College of Law, earning his Juris Doctorate in 2005, with a Litigation and Dispute Resolution certificate.  While in law school, Reas became a certified mediator with the Center for Conflict Resolution and mediated cases in the Illinois Circuit Court.  He has been with Krislov and Associates since 2003, and was admitted to the Illinois Bar in 2005.

## JEFFREY M. SALAS

Jeff is a graduate of Carthage College in Kenosha, Wisconsin (B.A. Economics, 2003) and DePaul University College of Law (J.D. 2006).  During law school, Jeff was a member of the Moot Court Editorial Board and studied abroad at the University of Cape Town in Cape Town, South Africa.  Jeff was hired in April 2005 as a law clerk .

Following law school, he joined our firm as an associate and was admitted to practice in

Illinois on November 9, 2006.

EXHIBIT B



# FARUQI & FARUQI, LLP

## *FIRM RESUME*

**_Faruqi & Faruqi, LLP_** concentrates in corporate, consumer and securities litigation. The firm maintains its main office in New York, New York, with offices in California, Florida and Pennsylvania.

Faruqi & Faruqi, LLP has an impressive track record with an experienced group of lawyers, and has been appointed sole lead or co-lead counsel in numerous class and derivative actions. For example, Faruqi & Faruqi, LLP was sole lead counsel in *Brickell Partners v. Emerging Comm'ns, Inc.*, C. A. No. 16415 (Del. Ch. 1998). The case was litigated for over four years through trial, at which a verdict was returned in favor of plaintiff and the class in June, 2004. The *Brickell Partners* case established new law and new standards for determining the fiduciary duties of corporate directors especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.).

## *SIGNIFICANT ACHIEVEMENTS*

Faruqi & Faruqi, LLP has obtained significant recoveries for class members as either sole lead counsel or co-lead counsel in the following representative actions:

- *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members);

- *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders);

- *In re Howmet Int'l S'holder Litig.*, Consolidated C.A. No. 17575 (Del. Ch. 1999) (successfully obtained an increased benefit to class members of $61.5 million dollars);

- *In re Sodexho Marriott S'holders Litig.*, Consolidated C.A. No. 18640 (Del. Ch. 1999) (obtained an increased benefit to class members of $165 million dollars);

- *In re Azurix Corp.*, Consolidated C.A. No. 18463 (Del. Ch. 1999) (obtained an increased benefit to class members of $54 million dollars);

- *In re Fox Entm't Group, Inc., S'holders Litig.*, C.A. No. 1033-N (Del. Ch 2005) (increased merger consideration for public shareholders in "going private" by $450 million dollars);

- *In re Hartford Life, Inc. S'holders Litig.*, Consolidated C.A. No. 17951-NC (Del. Ch. 2000) (obtained an increased benefit to class members of $169 million dollars);

- *Zeid v. Open Env't Corp.*, C.A. No. 96 CV 12466-EFH (D. Mass. 1996) ($9 million dollars recovered on behalf of securities class);

- *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights);

- *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action);

- *In re Think New Ideas, Inc. Secs. Litig.*, Master File No. 98 Civ. 6809 (S.D.N.Y. 1998) (significant monetary recovery on behalf of the class);

- *In re Mitcham Indus, Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998) (recovered $3 million dollars on behalf of class members despite the fact that corporate defendant was on the verge of declaring bankruptcy);

- *Ruskin v. TIG Holdings, Inc*., C.A. No. 98 Civ. 1068 (S.D.N.Y. 1998) (recovered $3 million dollars on behalf of class members);

- *In re Pennaco Energy, Inc. S'holders Litig.*, Consolidated C.A. No. 18606 NC (Del. Ch. 2001) (significant additional disclosures obtained during hard-fought merger litigation);

- *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Sup. Ct. 2002) (successfully recovered on behalf of a class of consumers 100% of the loss incurred by class members);

- *Altman v. IQ Software Corp.*, C.A. No. 97-CV-3203 (N.D. Ga. 1997) ($550,000 settlement in a securities fraud litigation);

- *In re TD Waterhouse Group Inc. S'holders Litig.*, Consolidated C.A. No. 19166 NC (Del. Ch. 2001) (obtained an increased price and governance changes);

- *In re AMC Entm't Inc. S'holder Litig.*, Consol. C.A. No. 19880-NC (Del. Ch. 2002) (significant disclosures achieved in merger litigation);

- *In re McAfee.com Corp. S'holders Litig.*, Consolidated C.A. No. 19481 NC (Del. Ch. 2002) (increased price obtained in merger litigation);

- *In re Travelocity.com S'holders Litig.*, Consolidated C.A. No. 19419 NC (Del. Ch. 2002) (significant recovery on behalf of class);

2

- *In re Coorstek, Inc. S'holders Litig.*, Consolidated C.A. No. 20014-NC (Del. Ch. 2002) (significant recovery on behalf of class); and

- *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

### *PENDING MERGER AND DERIVATIVE CASES*

Faruqi & Faruqi, LLP represents clients in the currently pending actions and has been appointed as sole lead or co-lead counsel in many of these merger and derivative actions, including:

- *In re Michaels Stores, Inc. Class and Deriv. Litig.*, No. 03-02641 (Tex. Dist. Ct. 125th Jud. Dist);

- *Rauch v. Mays*, No. 2006-CI-17436 (Tex. Dist. Ct. 225 Jud. Dist.);

- *Gerber v. Freescale Semiconductor, Inc.*, No. D-GN-06-003501 (Tex. Dist. Ct. 98th Jud. Dist.);

- *Golombuski v. EGL, Inc.*, No. 2007-00139 (Tex. Dist. 125th Jud. Dist.);

- *In re Station Casino's S'holder Litig.*, No. A-535395 (Nev. Dist. Ct);

- *Lang v. Reader's Digest Ass'n, Inc.*, No. 06-22856 (N.Y. Sup. Ct.);

- *In re Equity Office Props. Trust Transactional Litig.*, No. 24-C-06-010525 (Md. Cir. Ct.);

- *In re Harrah's S'holder Litig.*, No. 2:06-CV-1356 (Nev. Dist. Ct.);

- *Eisenstein v. Harrah's Entm't*, No. A-531963 (Nev. Dist. Ct.);

- *Chait v. Sabre Holdings Corp.*, No. 067-221619-06 (Tex. Dist. Ct. 67th Jud. Dist.);

- *McMullen v. United Surgical Partners Int'l, Inc.*, No. 07-00156 (Tex. Dist. Ct. 134th Jud. Dist.);

- *In re Direct General Inc., Deriv. Litig.*, No. 3:05-0158 (D. Md.);

- *In re Enron Derivative Litig.*, No. 0110-10742 (Or. Cir. Ct.);

- *Simon et al. v. Bechererl*, ("*JP Morgan Derivative* Litigation"), No. 2002-600480 (N.Y. Sup. Ct.);

- *In re Citizens For Consumers v. Abbott Labs., Inc.*, No. 01-CV-12257 (D. Mass.); and

- *In re Advanced Mktg. Srvs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.).

## *PENDING COMSUMER AND ANTITRUST CASES*

Faruqi & Faruqi, LLP has been appointed as sole lead or co-lead counsel in the following consumer/antitrust class actions that are currently pending:

- *In re Wireless Tel. 911 Calls Litig.,* No. 03-CV-2597 (N.D. Ill.) (alleging industry noncompliance with FCC);

- *In re Wireless Tel. Srvs. Antitrust Litig.*, No. 02 Civ. 2637 (S.D.N.Y.);

- *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (alleging unfair and deceptive trade practices); and

- *Potter v. Sharper Image Corp.*, No. CGC-03426350 (Cal Sup Ct.) (alleging unfair and deceptive trade practices).

## *THE ATTORNEYS*

These exceptional results obtained in litigation, as well as the cases currently being prosecuted were handled by the experienced lawyers at the firm, as set forth below:

**_Nadeem Faruqi_** is Co-Founder and Managing Partner of the Firm.

Mr. Faruqi oversees all aspects of the firm's practice areas. Mr. Faruqi has acted as sole lead or co-lead counsel in many notable class or derivative action cases, such as: *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members); *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action); *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights); *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders); *In re Tellium, Inc. Secs. Litig.*, C.A. No. 02-CV-5878 (D.N.J.) (class action settlement of $5.5 million); *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

Upon graduation from law school, Mr. Faruqi was associated with a large corporate legal department in New York. In 1988, he became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, and in 1992, became a member of that firm. While at Kaufman Malchman Kirby & Squire, Mr. Faruqi served as one of the trial counsel for plaintiff in *Gerber v. Computer Assocs. Int'l, Inc.*, 91-CV-3610 (E.D.N.Y. 1991). Mr. Faruqi actively participated in cases such as: *Colaprico v. Sun Microsystems*, No. C-90-20710 (N.D. Cal. 1993) (recovery in excess of $5 million on behalf of the shareholder class); *In re Jackpot Secs. Enters., Inc. Secs. Litig.*, CV-S-89-805 (D. Nev. 1993) (recovery in excess of $3 million on behalf of the shareholder class); *In re Int'l Tech. Corp. Secs. Litig.*, CV 88-440 (C.D. Cal. 1993) (recovery in excess of $13 million on behalf of the shareholder class); and *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million).

Mr. Faruqi earned his Bachelor of Science Degree from McGill University (1981), his Master of Business from York University (1984) and his law degree from New York Law School (1987) where he graduated *cum laude*. Mr. Faruqi was Executive Editor of New York Law School's Journal of International and Comparative Law. He is the author of "Letters of Credit: Doubts As To Their Continued Usefulness," Journal of International and Comparative Law, 1988. He was awarded the Professor Ernst C. Stiefel Award for Excellence in Comparative, Common and Civil Law by New York Law School in 1987.

***Lubna M. Faruqi*** is Co-Founder of Faruqi & Faruqi, LLP.

Ms. Faruqi is involved in all aspects of the firm's practice. Ms. Faruqi has actively participated in numerous cases in federal and state courts which have resulted in significant recoveries for shareholders.

Ms. Faruqi was involved in litigating the successful recovery of $25 million to class members in *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.). She helped to

5

establish certain new standards for preferred shareholders in Delaware in *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999). Ms. Faruqi was also lead attorney in *In re Mitcham Indus., Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998), where she successfully recovered $3 million on behalf of class members despite the fact that the corporate defendant was on the verge of declaring bankruptcy.

Upon graduation from law school, Ms. Faruqi worked with the Department of Consumer and Corporate Affairs, Bureau of Anti-Trust, the Federal Government of Canada. In 1987, Ms. Faruqi became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, where she actively participated in cases such as: *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million); *Kantor v. Zondervan Corp.*, C.A. No. 88 C5425 (W.D. Mich. 1989) (recovery of $3.75 million on behalf of shareholders); and *In re A.L. Williams Corp. S'holders Litig.*, C.A. No. 10881 (Del. Ch. 1990) (recovery in excess of $11 million on behalf of shareholders).

Ms. Faruqi graduated from McGill University Law School at the age of twenty-one with two law degrees: Bachelor of Civil Law (B.C.L.) (1980) and a Bachelor of Common Law (L.L.B.) (1981).

**_Emily C. Komlossy_**, a partner in Faruqi & Faruqi, LLP's Hollywood, Florida office, has devoted her entire legal career to the practice of complex class action securities fraud and shareholder litigation. With a wealth of experience in this field, Ms. Komlossy has also provided portfolio monitoring services to institutional and hedge fund clients to enable them to identify and determine an appropriate course of action when potential misconduct affects the client's portfolio holdings.

Ms. Komlossy has represented clients in a number of high profile actions. Recently, she successfully represented the Genesee County Employees' Retirement System in a class action

securities fraud case against Transaction System Architects which claims included very complex accounting principles. This action ultimately resulted in a $24.5 million settlement on behalf of the class.

In addition, a substantial portion of Ms. Komlossy's litigation has been in the shareholder merger litigation area. She has litigated cases for her shareholder clients against companies such as Daniel Industries, Inc., Pennaco Corp. and AMC Entertainment, Inc.

Ms. Komlossy's skills have been noted favorably by the courts. In *Yud v. Saf T Lok*, 98 CV 8507 (S.D. Fla.), a case in which she played a major role, Magistrate Judge Linnea R. Johnson noted "the attorneys have done an outstanding amount of work in a short period of time to bring this class action to resolution in a successful fashion."

Ms. Komlossy earned a B.A. from the State University of New York at Oneonta in 1983 and a J.D. from New York Law School in 1989. She is admitted to practice in New York and Florida and the United States District Courts for the Southern District of New York, Southern District of Florida and Western District of Michigan.

**_Shane T. Rowley_** became a member of Faruqi & Faruqi, LLP in July 2000.

During his tenure at Faruqi & Faruqi, LLP Mr. Rowley has amassed extensive experience in complex litigation. For example, in *Brickell Partners v. Emerging Comm'ns, Inc.*, C. A. No. 16415 (Del. Ch. 1998), Mr. Rowley, as sole class counsel, was instrumental in establishing new law and new standards for determining the fiduciary duties of corporate directors, especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.). The *Brickell Partners* action was litigated vigorously by Mr. Rowley for over four years, including a six week trial, after which the Court returned a verdict in favor of plaintiff. The landmark decision is now reported as *In re Emerging Commc'ns, Inc. S'holders Litig.*, No. 16415, 2006 Del. Ch. LEXIS 25 (Del. Ch. Jan. 9, 2006).

Mr. Rowley has recovered hundreds of millions of dollars for shareholders of publicly traded companies. Recently, Mr. Rowley was successful, as co-lead counsel, in *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.), representing the public shareholders of Lafarge North America ("LNA") in challenging the buyout of LNA by its French parent, Lafarge S.A., at the original offer price of $75 per share. Following discovery and extensive injunction motion practice by Mr. Rowley and his co-counsel, the price per share was increased from $75 to $85.50 per share, representing a total benefit to the public shareholders of $388 million.

Also, in *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005), Mr. Rowley, as co-lead counsel, was responsible for creating an increased offer price from the original proposal to shareholders, which represented an increased benefit to Fox Entertainment Group, Inc. shareholders of $450 million.

Mr. Rowley graduated from Trinity College, Dublin, Ireland in 1987 with a Bachelor of Common Law (LL.B.) degree and from the Honorable Society of Kings Inns, Dublin in 1989 with a Barrister at Law (B.L.) degree. Mr. Rowley is a citizen of the United States of America and Ireland and is admitted to practice in both countries. From 1991 to June 2000 Mr. Rowley was associated with the law firm of Wolf Haldenstein Adler Freeman & Herz LLP, where he concentrated in securities class actions and shareholder derivative litigation.

***Jacob A. Goldberg*** became a member of Faruqi & Faruqi, LLP in 2006 and has concentrated his legal career in all facets of complex commercial litigation in the federal and state courts.

Prior to joining the firm as a partner, Mr. Goldberg was a partner at Berger & Montague, P.C. and Schiffrin & Barroway, LLP. In 2004, he formed his own firm where he focused on commercial disputes, including theft of trade secrets, theft of business plan and breaches of

contract while continuing to litigate cases involving violations of fiduciary duties, consumer protection laws, and the federal securities laws.

Among Mr. Goldberg's most notable cases are *In Re New America High Income Fund Secs. Litig.* (D. Mass 1990) (alleged false and misleading prospectus for junk bond fund; $2.5 million settlement); *Rosenthal v. Dean Witter Reynolds, Inc.*, (Colo. Dist. Ct. 18th Jud. Dist. 1991); *In re IKON Office Solutions Secs. Litig.*, No. 98-04286 (E.D. P.A. 1998) (alleged complex accounting fraud involving manipulation of reserves; $111 million settlement); *In re Creditrust Corp. Secs. Litig.* (D. Md. 2000) (alleged complex accounting fraud, relating to predicting financial results for securitized debt and adequately assessing gains on sales); *In re Scholastic, Inc. Secs. Litig.* (S.D. N.Y 1997) (alleged false financial projections and inadequate reserves; $7 million settlement); *Cohen v. Mirage Resorts, Inc.*, 119 Nev. Adv. Op. No. 1 (Feb. 7, 2003) (Nevada Supreme Court reversed dismissal of shareholder action related to fair value of shares in a freeze out merger); *In re QuadraMed, Inc. Secs. Litig.*, No. 02-04770 (N.D. Cal. 2002) (alleged manipulation of revenue and new management and auditor cover-up; $5.25 million settlement); and *Studer v. Heng Fung Holdings* (D. Colo. 2002) (derivative lawsuit, alleging the stripping of company assets to a related entity; approximately $1.75 million settlement).

Mr. Goldberg graduated from Columbia University (B.A. 1988) and Temple University School of Law (J.D., *cum laude*, 1992) and practices from the Philadelphia area. He is admitted before all courts in the Commonwealth of Pennsylvania and to the United States Supreme Court, the United States Courts of Appeal for the Third and Fourth Circuits, and the United States District Courts for the Eastern District of Pennsylvania, Central District of Illinois, and District of Colorado. His admission to the Bar of the State of New York is pending. Mr. Goldberg is a dual citizen of the United States of America and the Republic of Ireland.

*Vahn Alexander* joined the firm as a partner in October, 2007. Mr. Alexander's practice focuses on shareholder litigation and securities class actions in federal and state court. Mr. Alexander also litigates consumer fraud cases concerning unfair business practices and false and misleading advertising under California law. After graduating law school, Mr. Alexander joined the California office of a New York law firm which concentrated on securities class action litigation. After gaining extensive experience with that firm for over 10 years, Mr. Alexander left to start his own firm in 2004. Mr. Alexander is a member of the State Bar of California and is admitted to practice in the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals. He is also a member of Consumer Attorneys of California and the American Association for Justice (formerly the Association of Trial Lawyers of America), as well as the American Bar Association and the Los Angeles County Bar Association.

Prior to joining the firm, Mr. Alexander has acted as sole lead or co-lead counsel in numerous cases which include the following: *In re Apria Healthcare Group Sec. Litig.*, Master File No. 797060 (Orange County Super. Ct.) ($42 million settlement obtained for the class); *In re PurchasePro.com, Inc. Sec. Litig.*, Case No. CV-S-01-0483 (D. Nev.) ($24.2 million settlement obtained for the class); *In re Lantronix, Inc. Sec. Litig.*, Case No. CV-02-3899 (C.D. Cal.) ($15.175 million settlement obtained for the class); *In re California Microwave Sec. Litig.*, Master File No. C-95-4009-CW (N.D. Cal.) ($14 million settlement obtained for the class); *In re Cybermedia Sec. Litig.*, Master File No. 98-1811 CBM (Ex) (C.D. Cal.)($10.6 million settlement obtained for the class); *In re Mesa Airlines Sec. Litig.*, Case No. 94-690 JC/WWD (D.N.M.) ($8 million settlement obtained for the class); *In re Brightpoint Sec. Litig.*, Case No. IP 011796 C-T/K (S.D. Ind.) ($5.25 million settlement obtained for the class); *In re Resource America Sec. Litig.*, Master File No. 98-CV-5446 (E.D. Pa.) ($5.425 million settlement obtained for the class);

and *In re Sumitomo Bank of California Sec. Litig.*, Master File No. 994002 (S.F. County Super. Ct.) ($4.95 million settlement obtained for the class).

Mr. Alexander graduated from the University of California at Los Angeles (B.A. 1990), with honors, and received his law degree from Loyola Law School, Los Angeles (J.D. 1993), where he was a member of the Scott Moot Court Honor's Board (1993 - Jessup Team).

**_Antonio Vozzolo_** joined Faruqi & Faruqi, LLP in 1999 and became a partner of the firm in January, 2004.

Mr. Vozzolo's practice focuses on representing individuals and institutional investors in complex matters involving federal and state securities laws, and fiduciary duties of corporate officers and directors (or corporate governance matters).

Most recently, Mr. Vozzolo was one of the primary counsel responsible for prosecuting *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001), a case against the officers and directors of PurchasePro.com as well as AOL Time Warner, Inc., America On-Line, Inc., and Time Warner, Inc., which obtained an excellent result for the class, culminating in a $24.2 million settlement.

Mr. Vozzolo graduated, *cum laude*, from Fairleigh Dickinson University in 1992 with a Bachelor of Science (B.Sc.), where he was on the Dean's List, and with a Masters in Business Administration (M.B.A.) in 1995. He is a graduate of Brooklyn Law School (1998). Mr. Vozzolo served as an intern to the Honorable Ira Gammerman of the New York Supreme Court and the New York Stock Exchange while attending law school.

**_Andras Vamos-Goldman_** joined Faruqi & Faruqi, LLP in February 2003 as the firm's Institutional Counsel.

Mr. Vamos-Goldman has moved with ease between the private and public sectors, gaining considerable experience in many aspects of international law, mergers and acquisitions,

as well as hands on experience in working with governments and large institutions. He was a diplomat in the Canadian Foreign Service and served in East Africa (1986-88) and Washington D.C. (1992-96), where as Chief of Staff to the Ambassador he participated in the management of the one billion dollar per day trade relationship between Canada and USA. Mr. Vamos-Goldman also served as the Head of the Political Section of the Canadian Mission to the United Nations (1997-1999), the last time Canada was a member of the United Nations Security Council. From 1996-1997 Mr. Vamos-Goldman was associated with the law firm of Stikeman Elliot in their Central European office in Budapest and worked in connection with the privatization of Central European Industry. From 2000-2002 Mr. Vamos-Goldman was Canada's legal advisor to the United Nations (2000-2002) where he, *inter alia*, worked to create the International Criminal Court as a member of its Bureau, and was the Chairman of the Management Committee for the Sierra Leone Special Court (a sui generus international entity with a $60 million budget).

Mr. Vamos-Goldman graduated from Dalhousie University (B.A. 1979; L.L.B. 1982) and Georgetown University (L.L.M. *cum laude*, 1995). Mr. Vamos-Goldman is a member of the Bar of Ontario, Canada, as well as the New York State Bar.

**_Adam Gonnelli_** became associated with Faruqi & Faruqi, LLP, and in January, 2004, became a partner of the firm.

Since joining Faruqi & Faruqi, Mr. Gonnelli has concentrated his practice on transaction litigation and consumer class actions. Representative cases include: *In re NutraQuest, Inc.*, No. 06-202 (D.N.J.) (consumer fraud case against national diet supplement company); *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (consumer case challenging change in "nights and weekends" plan); *Garcia v. Lowe's, Cos., Inc.*, No. 841120 (Cal. Super. Ct.) (case to recover overtime pay for delivery drivers); *Rice v. Lafarge North America*, No. 268974 (Md. Cir.

Ct.) (merger case resulted in a benefit of $388 million); and *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005) (benefit to shareholders of $450 million).

Mr. Gonnelli has extensive litigation experience. Prior to joining the firm, he actively participated in such cases as: *Kurzweil v. Philip Morris Cos.*, Nos. 94 CIV 2373, 94 CIV 2546 (S.D.N.Y.) (Section 10(b) action concerning tobacco addictiveness and trade loading practices, resulting in $116 million settlement.); *McNamara v. Bre-X Minerals, Ltd.*, No. 597 CV 159 (E.D. Tex.) ("Gold fraud of the century." – *Time Magazine*); *Sanders v. Computer Assocs.*, No. 16640-NC (Del. Ch. Ct.) (derivative case resulting in judgment for plaintiff requiring executives to return 9.5 million shares to company); *Romig v. Jefferson-Pilot Life Ins. Co.*, No. 95 Civ. 9703 (N.C. Sup. Ct.) (consumer class action on behalf of purchasers of vanishing premium insurance policies); and *Koppell v. New York State Board of Elections*, No. 98 CIV 4920 (S.D.N.Y.) (constitutional action on behalf of former New York State Attorney General challenging state statute governing order of candidates' names on primary ballot).

Mr. Gonnelli received a B.A. from Rutgers University (Newark) in 1989 and a J.D. from Cornell Law School in 1997. At Rutgers University, Mr. Gonnelli lettered in football and fencing and served as Student Government President. Prior to attending law school, Mr. Gonnelli was a Financial Writer at the Federal Reserve Bank of New York, where he wrote educational materials on international trade, monetary policy, and other topics. While attending Cornell Law School, Mr. Gonnelli served as Editor-in-Chief of the Cornell Journal of Law and Public Policy and was a member of the Atlantic Regional Championship moot court team in the Jessup International Law Moot Court Competition (1997).

**<u>David H. Leventhal</u>** joined Faruqi & Faruqi, LLP in 2003, and in 2006 became a partner in the firm.

At Faruqi & Faruqi, LLP, Mr. Leventhal concentrates in securities, consumer, and antitrust class actions as well as derivative actions. Mr. Leventhal recently has actively and successfully reached settlements requiring companies to make significant and meaningful disclosures to shareholders in connection with going private transactions in actions such as *In re Direct General Corp. Derivative Litig.,* No. 05-0158 (M.D. Tenn.); *In re Vans Derivative Litig.,* No. BC309805 (Cal. Super. Ct.); *Gerber v. Freescale Semiconductor, Inc.*, No. D-GN-06-003501 (Tex. Dist. Ct. 98th Jud. Dist.); *Schuman v. CDW Corp.,* No. 07CH1416 (Ill. Cir. Ct.). Also recently, Mr. Leventhal was responsible for settlements in *Schachter v. Toback*, No. 04 CH 09131 (Ill. Cir. Ct.) (derivative action alleging breach of fiduciary duties by certain officers and directors of the company, settled for modifications to composition of company's management and significant corporate governance reforms); *McCoon v. Wiederhorn*, No. 0407-6900 (Or. Cir. Ct.) (same); *Collet v. Moore*, No. 04CC07844 (Cal. Super. Ct.) (same); and *In re Nutraquest, Inc.*, No. 06-202 (D.N.J.) (alleged misrepresentations made in connection with sale of dietary supplement, settled for $15 million). He is currently actively involved in litigating *In re Digital Music Antitrust Litig.*, MDL No. 1780 (S.D.N.Y.) (case pending against major record companies alleging antitrust violations in connection with the sale of digital music).

Before joining Faruqi & Faruqi, LLP Mr. Leventhal actively participated in such cases as: *In Re Real Estate Assocs. Limited P'ship Litig.*, No. CV-98-7035 (C.D. Cal.) (federal securities class action resulting in $184 million jury verdict); *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-CV-5238 (E.D.N.Y.) (antitrust class action on behalf of 5 million merchants against Visa and MasterCard resulting in settlement worth in excess of $3 billion); *Romig v. Jefferson-Pilot Life Ins. Co.*, 95 Civ. 9703 (N.C. Sup. Ct.) (consumer class action on behalf of purchasers of vanishing premium insurance policies resulting in $55.3 million settlement); *Kurzweil v. Philip Morris Cos.*, Nos. 94 CIV 2373, 94 CIV 2546 (S.D.N.Y.) (federal

securities class action concerning tobacco addictiveness and trade loading practices, resulting in $116 million settlement).

Mr. Leventhal graduated from University of Michigan, Ann Arbor (A.B. 1990 with distinction) and from Fordham University School of Law (J.D. 1993).    At Fordham, Mr. Leventhal was a member of the Fordham University International Law Journal and was on the Dean's List.

**_Beth A. Keller_** joined Faruqi & Faruqi, LLP as an associate in October 2003, after spending several years litigating commercial and civil litigation at a prior firm.

Since joining Faruqi & Faruqi, LLP, Ms. Keller has been actively involved in numerous complex cases in which the firm, as sole or co-lead counsel, achieved substantial corporate governance enhancements and/or financial recoveries for the corporation and its shareholders, including: *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002); *In re Advanced Mktg. Srvs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.); *In re Ligand Pharm. Inc. Deriative. Litig.*, Lead Case No. GIC834255 (Cal. Super. Ct.); and *In re Novastar Fin., Inc. Derivative Litig.*, Lead Case No. 04-CV-212685 (Cir. Ct. Mo. 2004).

Ms. Keller graduated from Hobart & William Smith Colleges in 1999 with a Bachelor of Arts (double major in Political Science and English) and from the State University of New York at Buffalo Law School (J.D. 2002).    Ms. Keller participated in the Desmond Moot Court Competition while at law school.    She is a member of both the New York and New Jersey Bars and is admitted to practice in the United States District Courts for the Southern, Eastern and Western Districts of New York.

**_Christopher Marlborough_** joined Faruqi & Faruqi, LLP as an associate in January, 2007.

Since joining Faruqi & Faruqi, Mr. Marlborough has actively participated in such cases as: *Brocade Commc'ns Sys., Inc. Derivative Litig.*, No. C05-02233 (N.D. C.A.) (action for

damages to company as a result of backdating employee stock options) and *Thomas v. Global Vision Prods., Inc.*, No. RG03-091195 (Cal. Sup. Ct.) (consumer class action for the false and misleading advertising of the Avacor hair care system).

Before joining Faruqi & Faruqi, LLP, Mr. Marlborough was associated with the firm of McCoyd, Parkas and Ronan, LLP, where he concentrated in the areas of estate litigation and trusts.

Mr. Marlborough earned a Bachelor of Arts from the State University of New York at Purchase (*magna cum laude*, 1991) and a J.D. from Brooklyn Law School (*magna cum laude,* 2003). As an undergraduate, Mr. Marlborough was a President's Merit Scholar and on the Dean's List. In law school, he was a member of the Brooklyn Law School Journal of Law and Policy and the Jerome Prince Memorial Evidence Competition, Moot Court Writing Team. He was also an Edward V. Sparer Public Interest Fellow and a Judge Moses M. Weinstein Scholar. He authored "Evolution, Child Abuse and the Constitution" which was published in the spring 2003 edition of the Brooklyn Law School Journal of Law and Policy. Mr. Marlborough is admitted to practice in the courts of New York, New Jersey and Florida, as well as the United States District Courts for the Eastern and Southern Districts of New York and the Southern District of Florida.

***Jamie Mogil*** joined Faruqi & Faruqi, LLP as an associate in February 2006, and has been involved in litigation encompassing each of the firm's practice areas.

Ms. Mogil was a member of the team that successfully prosecuted the following recent cases representing investors in merger and acquisition litigation: *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (increased price merger consideration for shareholders by 15%); *In re Aeroflex, Inc. S'holders Litig.*, No.07-003943 (N.Y. Sup. Ct.) (achieved substantial additional disclosures for investors); *In re First Data Corp. S'holder Litig.*, No. 2007 CV621 (Colo. Dist.

Ct.) (achieved substantial additional disclosures for investors), and *McMullen v. United Surgical Partners Int'l*, No. 07-00156 (Tex. Dist. Ct.) (same).

Ms. Mogil is also a member of the legal team prosecuting, among other cases: *In re SFBC Int'l, Inc. Secs. & Derivative Litig.*, No. 06-165 (D.N.J.) (derivative action alleging gross mismanagement and breaches of fiduciary duties in connection with the egregious misconduct by the company and certain of its former or current officers and directors); *Sokol Holdings, Inc. v. BMB Munai,* No. 05 CV2749 (S.D.N.Y.) (action for tortious interference with a contract, specific performance, conversion, unjust enrichment, breach of contract, breach of fiduciary duty and damages arising from the alleged theft of plaintiffs' conceived business plan to purchase and explore oil fields in Kazakhstan); *J and R Mktg., SEP v. General Motors Corp.*, No. 07-1411(6th Cir.) (securities fraud claim brought on behalf of the class pursuant to Sections 11,12(a)(2) and 15 of the Securities Act of 1933 in connection with GMAC's alleged materially false and misleading offering materials issued between July 28, 2003 and November 9, 2005), *Halpern v. Alliance Data Sys. Corp.*, No. 07-04689 (Tex. Dist. Ct., 68th Jud. Dist.) (merger litigation class action on behalf of shareholders challenging the acquisition of the outstanding stock of Alliance Data Systems Corp. by The Blackstone Group), and *Schuman v. CDW Corp.*, No.07CH1416 (Ill. Cir. Ct., 19th Jud. Cir.) (merger litigation class action on behalf of shareholders challenging the proposed buyout of CDW Corp. by Madison Dearborn Partners, LLC).

Before attending law school, Ms. Mogil worked for the non-profit organization, Institute for Policy Studies in Washington, D.C. While in law school, Ms. Mogil was the recipient of the Public Interest Fellowship and on the Executive Board of the New York Law School Moot Court Association. Ms. Mogil competed in three national competitions, winning Second Best Brief and placing as a National Finalist and Semi-Finalist. Ms. Mogil was also the Chair of the Robert F. Wagner National Labor & Employment Law Moot Court Competition. Also while in law school

Ms. Mogil worked for the Office of the New State Attorney General in the Investment Protection Bureau, specifically investigating and prosecuting the mutual fund "market-timing" and "late-trading" cases.

Ms. Mogil graduated from The George Washington University in 2000 (B.A., Fine Arts and Art History, *cum laude*) and from New York Law School (J.D., 2005). She is licensed to practice law in New York and admitted to the United States District Courts for the Southern District of New York and the Eastern District of New York as well as the United States Court of Appeals for the Sixth Circuit.

***Richard Schwartz*** joined Faruqi & Faruqi, LLP as an associate in May 2006. Mr. Schwartz has been involved extensively in the firm's merger, derivative and antitrust practice areas. Mr. Schwartz has been a member of the teams prosecuting *In re Michaels Stores, Inc. Class and Derivative Litig.*, *In re Equity Office Properties Trust Transactional Litig.*, *In re Direct General Inc. Derivative Litig.* and *In re Station Casino's S'holder Litig.* Currently, Mr. Schwartz is a member of the team prosecuting *In re Florida East Coast Indus., Inc. S'holder Litig.*, *In re McAfee Derivative Litig.* and *In re Digital Music Antitrust Litig.*

Mr. Schwartz graduated from the University of Washington (B.A.) and the University of Chicago (J.D.). Mr. Schwartz served as a law clerk at the MacArthur Justice Center in Chicago, a summer associate with the Chicago law firm Robinson Curley & Clayton P.C. and an associate with the New York law firm Jaffe & Asher, LLP. Mr. Schwartz is admitted to practice before the courts of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.